UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNOCO COFFEE, LLC, d/b/a RONNOCO BEVERAGE SOLUTIONS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:21-CV-00071 JAR ) |
| KEVIN CASTAGNA and JEREMY TORRES, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for More Definite Statement. (Doc. No. 30). The motion is fully briefed and ready for disposition.

**Legal standard**

A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Tinder v. Lewis County Nursing Home Dist., 207 F. Supp.2d 951, 959 (E.D. Mo. 2001)). Further, motions for more definite statement are designed to strike at unintelligibility rather than a lack of detail in the complaint. Id. at 960 (citation omitted). A motion for more definite statement is "not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations" nor is it to be used "as a substitute for discovery in trial preparation." Id.. "A motion for more definite statement should only be granted where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even

1

with a simple denial, in good faith, without prejudice to itself.'" Rodgers v. Knight, No. 2:13-CV-04033-NKL, 2013 WL 12183669, at *1 (W.D. Mo. Mar. 27, 2013) (quoting Eastman v. Cty. of Sheridan, No. 707CV5004, 2007 WL 1814214, at *1 (D. Neb. June 21, 2007) (not reported) (internal quotes omitted)). Because of the availability of extensive discovery and the liberal notice pleading standard of Fed. R. Civ. P. 8, motions for more definite statement are rarely granted. Tinder, 207 F. Supp. 2d at 959. See also Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1530 (E.D. Mo. 1990) (If a pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of a claim, a motion for more definite statement will not be granted.).

**Discussion**

In support of their motion, Defendants argue that by referring to itself as "Ronnoco/Trident," and by using the term "Trident" to refer to Trident Beverage, Inc., Trident Marketing, Inc., and/or Trident Holdings, Ronnoco is conflating its identity with Trident such that Defendants cannot reasonably ascertain the proper entity whose rights Ronnoco seeks to enforce in this case. Ronnoco opposes Defendants' motion – their second Rule 12 motion – on the grounds that it is procedurally improper and prohibited by Rule 12(g)(2). Ronnoco further argues that even if Defendants' motion was not improper, it would fail on the merits. The Court agrees. Ronnoco's complaint is neither vague nor ambiguous and Defendants have fair notice of what the claims are and the grounds upon which they rest. Rule 12(e) is not a discovery device, Tinder, 207 F. Supp. 2d at 96, and Defendants will have an opportunity to seek the information regarding the corporate structure of Ronnoco, Trident Holdings, Trident Beverage, and Trident Marketing through discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for More Definite Statement [30] is **DENIED**.

**IT IS FURTHER ORDER**ED that Defendants shall file their answer to Ronnoco's complaint **no later than Tuesday, March 30, 2021**.

Dated this 25th day of March, 2021.

                                                 _____
                                                 **JOHN A. ROSS**
                                                 **UNITED STATES DISTRICT JUDGE**