# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONNOCO COFFEE, LLC, d/b/a RONNOCO BEVERAGE SOLUTIONS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-CV-00071 JAR |
| KEVIN CASTAGNA and JEREMY TORRES, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Sanctions (Doc. No. 68) and Plaintiff's Motion to Compel (Doc. No. 78). The motions are fully briefed and ready for disposition.[1]

**Defendants' motion for sanctions**

On April 15, 2021, Plaintiff produced John Walker, President of Trident Marketing, Inc. and Trident Beverage, Inc., as its Rule 30(b)(6) representative for deposition. The deposition continued and was concluded on April 29, 2021. According to Defendants, Walker was unable to answer questions related to the transaction whereby Ronnoco acquired a majority interest in Trident and that they have been prejudiced by not having this information. Defendants also complain of improper objections made throughout the deposition and unnecessary delay in the production of documents. Defendants ask the Court to sanction Ronnoco under Rule 37 for its

---

[1] On May 24, 2021, the Court granted Defendants leave to file a surreply to Ronnoco's motion to compel. (Doc. Nos. 91, 92).

failure to produce an adequately prepared Rule 30(b)(6) deponent and failure to produce the full and complete "Acquisition Agreement", despite being ordered to do so.

In response, Ronnoco argues there is no support in the record for the relief sought by Defendants. Ronnoco states it has produced hundreds of pages of documentation regarding the transaction and that the answers to Defendants' questions are either in Walker's testimony or in the transaction documents themselves. Thus, Defendants can show no prejudice from Walker's inability to recall every detail concerning the transaction. Ronnoco acknowledges it has not produced the Schedules of the Acquisition Agreement because they contain highly sensitive competitive information about Ronnoco and its business and are not relevant to any claim or defense. Ronnoco states it will produce the Schedules on an "attorneys' eyes only" basis if ordered to do so by the Court. (Doc. No. 74 at 5 n.2). In further response, Ronnoco argues there is no basis in the record for Defendants' accusations of unethical behavior by way of improper objections or coaching of the witness.

Unlike other deponents, persons deposed as corporate designees under Rule 30(b)(6) must testify on matters "not only within his or her personal knowledge, but also on matters reasonably known by the responding entity." CMI Roadbuilding, Inc. v. Iowa Parts, Inc., 322 F.R.D. 350, 360-61 (N.D. Iowa 2017) (quoting All. for Glob. Justice v. District of Columbia, 437 F. Supp. 2d 32, 37 (D.D.C. 2006)); see also Fed. R. Civ. P. 30(b)(6) (stating a designee "must testify about information known or reasonably available to the organization"). Accordingly, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." Whitt v. City of St. Louis,

No. 4:18-CV-1294 RLW, 2020 WL 7122615, at *3 (E.D. Mo. Dec. 4, 2020) (quoting List v. Carwell, 2020 WL 5988514, at *13 (D Minn. Oct. 9, 2020)). "This obligation requires the designee to testify about information known or reasonably available to the organization" and it "can include information held by third-party sources if that information is reasonably available to the organization." Id. (quoted case omitted).

Proper preparedness for a Rule 30(b)(6) deposition requires the good faith of both parties. "[T]he requesting party must reasonably particularize the subjects about which it wishes to inquire." Id. (quoting Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 540 (D. Minn. 2003)); see also Fed. R. Civ. P. 30(b)(6) (requiring that the notice describe the matters for examination with "reasonable particularity"). A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority. CMI, 322 F.R.D. at 361. In return, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons … and to prepare them to fully and unevasively answer questions about the designated subject matter." Id. (quoting Dwelly, 214 F.R.D. at 540).

A court may levy "appropriate sanction[s] for a corporation's inadequate designation" in response to a Rule 30(b)(6) notice. See Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 345 (8th Cir. 2009); CitiMortgage, Inc. v. Chicago Bancorp, Inc., No. 4:12-CV-00246 CDP, 2013 WL 3946116, at *3-4 (E.D. Mo. July 31, 2013). Alternatively, an ineffective Rule 30(b)(6) deposition may be remedied by a second deposition of the corporation. Pursuant to Rule 30(a)(2), a party must obtain the Court's leave to conduct a deposition if the deponent has already been deposed in the case. Where "the deponent, another

person, or any other circumstance" has impeded fair examination, the court must allow additional time consistent with Rule 26(b). Fed. R. Civ. P. 30(d)(1).

The Court finds Defendants' assertion that Ronnoco impeded the judicial process by way of improper objections or coaching of the witness to be unfounded and entirely speculative. That said, it does appear that Ronnoco has not been completely forthcoming with information about the corporate structure and operation of Ronnoco/Trident. The Court previously quashed Defendants' notice of deposition of Terry McDaniel, the CEO of Ronnoco, on the grounds they had not shown McDaniel had special or unique firsthand knowledge of the claims or defenses at issue in this case or that other less burdensome avenues for obtaining the information sought have been exhausted, both necessary requirements for a senior, "apex" level executive deposition. (Doc. No. 63). Ronnoco then produced John Walker as its Rule 30(b)(6) representative for deposition. Walker acknowledged he had done very little to prepare for his deposition and was at times unable to answer questions on the topics noticed for deposition, and particularly the transaction whereby Ronnoco acquired a majority interest in Trident. Ronnoco argues that the specific details of the transaction can be found within the hundreds of pages of documentation it has already produced to Defendants, but this argument is unavailing. Producing documents and responding to written discovery "is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." Buehrle v. City of O'Fallon, Mo., No. 4:10CV00509 AGF, 2011 WL 529922, at *3 (E.D. Mo. Feb. 8, 2011) (citation omitted).

While the Court finds this is not a case in which monetary sanctions are warranted, Walker was under an obligation to research and review the materials provided in advance of his deposition and to answer the questions regarding the Ronnoco/Trident relationship clearly and

4

directly. To remedy his failure to do so, the Court will order Ronnoco to produce Walker for a second deposition of not more than one (1) hour to clarify the limited issues relating to the operation and corporate structure of Ronnoco/Trident.

The Court will also order Ronnoco to submit the Schedules for the Acquisition Agreement to the Court for an *in camera* review. The Schedules are attached to an important and relevant document, but it is unclear to the Court whether the Schedules relate to this litigation. If the Court determines that some or all of the Schedules are discoverable, then the Court will determine the manner of disclosure.

**Ronnoco's motion to compel**

Ronnoco seeks to compel production of documents relating to sales Defendants have made on behalf of their new employer Thirsty Coconut to customers they serviced while employed by Ronnoco. Ronnoco argues this information is direct evidence of its damages in this case. Specifically, Ronnoco's RFP 15 asked for production of "[d]ocuments relating to your contact with any customers that you called on or sold to while employed with Ronnoco and/or Trident, and also called on or sold to while employed with Thirsty Coconut." (Doc. No. 79-1 at 7; Doc. No. 79-2 at 7). RFP 16 asked for production of "[d]ocuments showing sales by Thirsty Coconut to any customers that you called on or sold to while employed with Ronnoco and/or Trident." (Id.).

Defendants responded to RFP 15 by directing Ronnoco to emails produced in response to RFP 3 and 4 and stating they were unaware of any additional documents satisfying this request. (Doc. No. 79-3 at 13; Doc. No. 79-4 at 13). RFP 3 and 4 requested communications between Defendants and employees of Thirsty Coconut relating to Ronnoco/Trident. (Id. at 4-5).

Defendants responded to RFP 16 in the same way but omitted the reference to emails produced in response to RFP 3 and 4. (Doc. No. 79-3 at 14; Doc. No. 79-4 at 14). Ronnoco argues the documents produced by Defendants pursuant to RFP 3 and 4 are separate and distinct from those requested in RFP 15 and 16. Ronnoco further argues that Defendants have the practical ability to obtain documents responsive to these requests because they are in Thirsty Coconut's order management system and software called "QuickBase," which both Defendants access and use.

In their opposition, Defendants argue that they do not have possession, custody or control over the documents requested and that non-party Thirsty Coconut has produced the information pursuant to Ronnoco's subpoena. (Doc. No. 88). Ronnoco replies that Thirsty Coconut's two-page production consisting of only six spreadsheet lines in total does not satisfy its requests. The documents do not include purchase orders and invoices, which Ronnoco needs to prove at trial the products Defendants have sold and whether those products are competitive with the business of Ronnoco and Trident. In addition, Ronnoco argues the six lines of information produced by Thirsty Coconut only account for a fraction of the $17,000 in sales in Defendants' territories since they joined Thirsty Coconut, as outlined in Luke Einsel's declaration, (see Doc. 14-1 at ¶ 14), suggesting Defendants are withholding information. In surreply, Defendants argue that Ronnoco is improperly trying to expand its requests at the close of discovery.

Because the Court finds Ronnoco's request for invoices and purchase orders implicitly encompassed in its request for "[d]ocuments showing sales by Thirsty Coconut," the Court will grant Ronnoco's motion in part and order their production. These documents are easily and readily accessible to Defendants as the Thirsty Coconut representatives in these territories. The Court will not, however, impose any monetary sanction on Defendants for their failure to

produce these documents previously given the way in which Ronnoco's requests for production were drafted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Sanctions [68] is **GRANTED in part**. <u>**No later than June 1, 2021**</u>, Ronnoco shall produce Walker for a second deposition of not more than one (1) hour to clarify the limited issue relating to the operation and corporate structure of Ronnoco/Trident. Ronnoco shall submit the Schedules for the Acquisition Agreement to the Court for an *in camera* review <u>**no later than May 28, 2021**</u>.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [78] is **GRANTED in part.** <u>**No later than May 28, 2021**</u>, Defendants shall produce documentation responsive to Ronnoco's RFP 15 and 16 showing sales by Thirsty Coconut, including invoices and purchasing orders, in their respective territories since they have been employed by Thirsty Coconut.

Dated this 25th day of May, 2021.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**