# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONNOCO COFFEE, LLC, d/b/a RONNOCO BEVERAGE SOLUTIONS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-CV-00071 JAR |
| KEVIN CASTAGNA and JEREMY TORRES, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Rule 12(c) Motion for Judgment on the Pleadings. (Doc. No. 82). The motion is fully briefed and ready for disposition.

**Background**

Ronnoco brings this action against Defendants Castagna and Torres to enforce non-competition and confidentiality agreements against each of them, to enjoin the threatened misappropriation of trade secrets and interference with prospective business relationships, and to sue for breach of contract and breach of the duty of loyalty. Ronnoco filed its complaint on January 19, 2021. Ronnoco amended its complaint on April 30, 2021 to correct its state of incorporation, withdraw its demand for a jury trial, and clarify its corporate structure by alleging additional facts regarding the existence of Trident HR Intermediate, LLC ("Trident Intermediate"). Defendants filed their motion for judgment on the pleadings on May 17, 2021. This case is set for a bench trial on June 2, 2021.

1

**Legal standard**

In resolving a Rule 12(c) motion for judgment on the pleadings, a court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Kaestner v. Diversified Consultants, Inc., No. 4:17-CV-2607 CAS, 2018 WL 465786, at *2 (E.D. Mo. Jan. 17, 2018). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." United States v. Any and All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000). "The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." Stewart v. City of St. Louis, No. 4:04CV885 RWS, 2006 WL 389837, at *1 (E.D. Mo. Feb. 17, 2006) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367).

**Discussion**

In support of their motion, Defendants argue that Ronnoco's amended complaint contains numerous factual allegations which, taken together, make its claims implausible. Defendants contend they are entitled to judgment on the pleadings because Ronnoco has not alleged any facts to substantiate a claim of (1) violation of the FCA with a Ronnoco competitor (Thirsty Coconut) or (2) misappropriation of trade secrets with respect to assets owned by Ronnoco. Ronnoco responds that the Court has already found it pled facts sufficient to state a claim by denying Defendants' motion to dismiss (Doc. No. 26) and presented evidence sufficient to show it is likely to succeed on its claims by granting Ronnoco's motions for temporary restraining order (id.) and preliminary injunction (Doc. No. 51).

**Violation of the FCA**

Defendants first argue Ronnoco has failed to allege that Defendants had "actual knowledge" that Thirsty Coconut was considered to be a competitor of Ronnoco since Thirsty Coconut was distributing Trident's Juice Alive product under a Distribution Agreement with Ronnoco/Trident from 2014 to October 2020. (See Doc. No. 66 at ¶¶ 23-27). Defendants rely on the following language of the FCA:

> For purposes of this Agreement, (i) any "business" or "activity" of the Company includes any business or activity in which the Company is actually engaged, or to my *actual knowledge*, any prospective business or activity of the Company and (ii) "competition means any third party which attempts to replace or otherwise interfere with all or any portion of the existing or perspective business between the Company and a third party, and **"compete" means the act of being competitive.**

(Doc. No. 66-3, -4 at ¶ 2) (Defendants' emphasis).

Ronnoco responds that the phrase "actual knowledge" refers only to prospective competitive business; there is no "actual knowledge" requirement that relates to the phrase "any business or activity in which the Company is actually engaged." In further response Ronnoco argues there was no "cooperative" working relationship between Thirsty Coconut and Ronnoco/Trident from May 29, 2020 on based on Thirsty Coconut's decision to terminate the Distribution Agreement and evidence that Thirsty Coconut had begun to violate the agreement in April 2020.[1]

The issue for purposes of deciding this motion is whether Ronnoco has alleged a violation of the FCA with a competitor. Whether Ronnoco can prove its allegations at trial is a separate matter. In its amended complaint, Ronnoco alleges Thirsty Coconut entered into a

---

[1] As noted by Defendants, whether the Distribution Agreement was breached is the subject of pending litigation between Trident and Thirsty Coconut in Texas and not before this Court.

Distribution Agreement with Ronnoco/Trident in May 2014, in which it agreed to purchase and resell Trident's "Juice Alive" product as a distributor and not to promote or distribute products manufactured by itself or others that are substantially the same as Juice Alive. (Doc. No. 66 at ¶¶ 23-24). In addition, Ronnoco alleges that in early 2020, and possibly earlier, Thirsty Coconut began to violate the Distribution Agreement by competing directly with Ronnoco/Trident to distribute products manufactured by others that are substantially the same as the Juice Alive product. (Id. at ¶ 25). After leaving their employment with Ronnoco, Defendants have worked for Thirsty Coconut to help it directly compete with Ronnoco for customer contracts in violation of Thirsty Coconut's Distribution Agreement with Ronnoco/Trident. (Id. at ¶ 26). Thus, Defendants have violated their noncompete obligations after leaving their employment with Ronnoco. (Id. at ¶ 27). Accepting these facts as true and granting all reasonable inferences from the amended complaint in its favor, the Court finds Ronnoco has alleged sufficient facts to withstand a motion for judgment on the pleadings.

**Misappropriation of trade secrets**

Next, Defendants argue Ronnoco has not alleged the misappropriation of any trade secrets owned by Ronnoco, alone; rather, Ronnoco's claimed damages are improperly characterized as derivative of its relationship with "Trident."

Ronnoco amended its complaint to add Trident Intermediate to clarify its corporate structure. Ronnoco alleges that in early 2020, it acquired a majority ownership interest in Trident Marketing, Inc. and Trident Beverage, Inc. ("Trident"). The assets of Trident were acquired by Trident Intermediate. Trident Intermediate is 100% owned by Trident HR Holdings, LLC.

4

Ronnoco acquired an 80% membership interest in Trident HR Holdings, LLC. Today, Trident and Ronnoco are in a parent/subsidiary relationship. (Doc. No. 66 at ¶ 38).

Defendants argue that Ronnoco cannot claim legal title of the confidential information and trade secrets of its subsidiaries, Trident Intermediate, Trident Holdings and Trident by virtue of its 80% ownership interest in Trident Holdings, citing Dole Food Co., v. Patrickson, 538 U.S. 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary.").

Ronnoco responds that Defendants fail to explain how the addition of Trident Intermediate changes the Court's previous analysis that Ronnoco is the majority owner of Trident Holdings' confidential information and trade secrets or renders its claims implausible.

In reply, Defendants assert that the Court's interlocutory orders were made without the benefit of all the facts available to Ronnoco when it originally filed its Complaint. Specifically, the Court's understanding of the corporate structure of Ronnoco did not include Trident Intermediate, or that a stock purchase was the link between Ronnoco and Trident Holdings. Defendants argue that the Court must apply the appropriate legal standard to these new facts.

Ronnoco's allegations regarding the Ronnoco/Trident corporate structure has been addressed during this litigation and in another lawsuit filed in this Court by Ronnoco against a former employee who also went to work for Thirsty Coconut (the "Peoples lawsuit"). Indeed, the parties are continuing to engage in limited discovery on this issue in advance of trial on June 2. While there are legitimate questions regarding the Ronnoco/Trident transaction and resulting corporate structure, for purposes of the instant motion, the Court finds Ronnoco's allegations are

sufficient to survive judgment on the pleadings. It remains to be seen whether Ronnoco's evidence can support its claim at a trial on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 12(c) Motion for Judgment on the Pleadings [82] is **DENIED**.

Dated this 27th day of May, 2021.

                                                           **JOHN A. ROSS**
                                                           **UNITED STATES DISTRICT JUDGE**